JUSTICE BAKER,
concurring.
¶33 I concur in all respects in the Court’s opinion, as the law and the contract between the parties permit no other conclusion. I regret, however, that what appears to be a dispute over less than a $100 balance on the O’Connells’ attorney’s fee bill mushroomed into years of litigation, a judgment of nearly $3,000 against the O’Connells, and consumption of considerable time and resources of the parties, the District Court, and now this Court.
¶34 “It is the policy of the Supreme Court of Montana to encourage the informal resolution of fee disputes between attorneys who practice law in Montana and their clients.” Rule 1,1.1, Rules on Arbitration of Fee Disputes (2009) (R. Arb. F. D.). To that end, we have adopted rules on arbitration of fee disputes in those cases “where such informal resolution cannot be achieved.” Rule I, 1.1, R. Arb. F. D. The Rules provide for arbitration of disputed amounts of $500.00 or more (Rule IV, R. Arb. F. D.). At the time the Wittich Law Firm filed suit against the O’Connells, the disputed amount exceeded this threshold. After O’Connells paid most of the charges within a month of being served with the complaint, the remaining fees in dispute did not amount to $500.00. However, the threshold should not be read to suggest that lesser disputes ought to be litigated in court, but appears to imply that informal resolution of lower amounts should be feasible.
¶35 Here, though the Wittich Law Firm was within its contractual and legal rights to pursue its claim for unpaid fees, members of the Bar should keep in mind that their own interests, the interests of their clients, the administration of the court system, and the general public *115 would be well-served by adhering to the Court’s policy to resolve fee disputes without litigation.
JUSTICE COTTER dissents.
¶36 TOTAL BALANCE CLAIMED UNDER FEE CONTRACT: $93.99.
TOTAL SUM OF JUDGMENTS FOR WLF: $5,019.79.
TOTAL ADDITIONAL FEES INCURRED ON APPEAL: ???
¶37 After O’Connells paid WLF over $2,100 against their outstanding attorney fee account, O’Connells disputed the claimed final balance of $93.99, alleging billing errors. WLF advised O’Connells to pay the disputed balance by December 10, 2010. However, unbeknownst to O’Connells, and while they were corresponding with WLF in an attempt to resolve this minor dispute, WLF secured a default against their clients on December 3, 2010. WLF then secured a default judgment for the disputed balance of $93.99, plus its costs and attorney fees in the sum of $808.80. Then, when O’Connells later moved to vacate the judgment, WLF charged-and the court entered judgment for-$2,860 in fees, representing a claimed 22 hours of attorney time expended in responding to the motion to vacate. Although not mentioned in the Court’s Opinion, the District Court entered yet another judgment in favor of WLF on April 20,2012, in the sum of $1,257, in payment of additional charges claimed by WLF for time expended in responding to plaintiffs’ motions for relief from court orders. Finally, though the Court again does not address this in its Opinion, WLF is seeking attorney fees and costs incurred in the appeal. I have little doubt that the firm will seek an assessment of these fees on remand.
¶38 In its brief to this Court, WLF faults O’Connells for their “refusal/inability to understand why a balance remained.” It assails “O’Connells’ continued ignorance of the law and misplaced sense of entitlement.” In light of the financial carnage wreaked upon O’Connells for their refusal to pay a disputed $93, these affronts are incongruous.
¶39 The Court and the Concurrence are careful to note that WLF was within its contractual rights to exact the sums the District Court has ordered O’Connells to pay. Perhaps so. Nonetheless, I simply cannot join the Court in affirming this unconscionable result. I therefore dissent.